## Harvey W. Rice, Henry Epley and George Harriman v. The Township of Sidney.

*Town treasurer's liability for funds in his control.*

An entry by a town clerk carrying an apparent balance over from the account of one town treasurer to his successor, is no evidence of the actual receipt of the money by the latter even though his deputy had without his knowledge settled the account of the office accordingly.

A township treasurer's sureties cannot be bound by a false settlement of his accounts.

If a township treasurer's liability for funds in his hands, can be discharged by anything but payment, there must at least be an intentional acceptance of another's responsibility instead.

Error to Montcalm. Submitted June 8. Decided June 11.

Action on bond. Defendants bring error. Affirmed.

*Lemuel Clute* for plaintiffs in error.

*M. Clement Palmer* and *Ellsworth & Sapp* for defendant in error.

CAMPBELL, J. Plaintiffs in error were sued on the official bond of Epley as town treasurer of defendant in error for moneys due from him to the township at the close of his official term in 1875. The finding of the court is that at the end of that year he was found to have a balance in his hands of \$1215.80, which he did not pay over to his successor, Joseph E. Morrison, but a portion was afterwards paid to M. A. Reynolds, Morrison's successor. The case was tried without a jury, and judgment was rendered for the balance.

The only points argued before us were that neither testimony nor finding can warrant the judgment.

We do not see any defect in the finding. It is express to the effect that the balance was in Epley's hands, and not paid over. But it is claimed there were other facts found which preclude such an inference. The only other fact so relied on

is that in the account kept against Morrison by the town clerk, Morrison was charged with the amount as money in the treasury, and that Rice, who was Morrison's deputy, if there is any propriety in using such a name, settled Morrison's accounts with the town at the close of his term on that basis. But it appears Morrison had no knowledge of these charges personally, or to speak more precisely, that he was not present at the settlement, and is not shown to have had any knowledge that the clerk had so charged him.

The money in the hands of Epley at the close of his term was not money in the treasury in the sense that the township had it in its own custody, but was merely so much due to the township from Epley, which he was bound to pay over to his successor. Unless so paid over Epley and his bondsmen were liable.

If Morrison himself had given credit to Epley for this money, it might raise a presumption, perhaps, that it was paid over. But an entry by the town clerk, carrying over an apparent balance from one treasurer to another, could not be evidence of the receipt of the money by Morrison. Neither could the settlement with Rice of which Morrison was ignorant, be regarded as any such evidence. And we think it cannot be maintained that a false statement made by Morrison himself could prevent the township from recovering moneys belonging to the corporation, from a previous defaulter. Nothing but an intentional acceptance of Morrison's responsibility in lieu of Epley's could discharge Epley. We are not prepared without further light to say that anything but payment would discharge him. Morrison's sureties could not be bound by a false settlement.

Some evidence was necessary to show the payment of the money to Morrison. The testimony introduced could in no sense be regarded as even amounting to an admission by Morrison that he had received the money. We think therefore the judgment was right, and it must be affirmed with costs.

The other Justices concurred.